**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

| | |
|---|---|
| **BRICE BRAXTON,** | |
| **Plaintiff**, | |
| **v.** | **CIVIL ACTION NO.): 2:20-CV-38 (JUDGE KLEEH)** |
| **CITY OF BUCKHANNON, WEST VIRGINIA; ST. JOSEPH'S HOSPITAL; DEPUTY WILLIAM CHIDESTER, UPSHUR COUNTY SHERIFF'S DEPARTMENT, in his individual and official capacity; and CORPORAL MARSHALL O'CONNOR, BUCKHANNON POLICE DEPARTMENT, in his individual and official capacity,** | |
| **Defendants**. | |

**REPORT AND RECOMMENDATION RECOMMENDING THAT**
**DEFENDANT ST. JOSEPH'S HOSPITAL'S**
**MOTION TO DISMISS [ECF NO. 26] BE GRANTED**

This matter is before the Court pursuant to a Motion to Dismiss filed by Defendant St.

Joseph's Hospital, and a memorandum in support, thereof, filed on January 4, 2021. [ECF Nos.

26, 26-1]. The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT**

this Defendant's motion for the reasons set forth below.

**I. PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND**

Plaintiff, proceeding *pro se*, filed a Complaint in this Court on September 14, 2020. [ECF

No. 1]. Plaintiff named as Defendants those parties captioned above. While Plaintiff's claims are

not straightforwardly pled, it appears that he is alleging a cause of action under 42 U.S.C. § 1983

for excessive force by law enforcement, discrimination and abuse on the basis of race, and coerced

waiver of his <u>Miranda</u> rights. In short, Plaintiff alleges generally that law enforcement officers physically punched, kicked and slammed him to the point of unconsciousness. Plaintiff alleges that officers used racial slurs in the course of these abuses, as well as intimidated and threatened him, such that he involuntarily waived his <u>Miranda</u> rights. Plaintiff does not state officers' names in the narratives contained within the Complaint to specify which officers engaged in what alleged acts. Plaintiff does not specify what harm resulted from the alleged waiver of his <u>Miranda</u> rights. Plaintiff alleges that the harm occurred at St. Joseph's Hospital in Buckhannon, West Virginia, which is in the Northern District of West Virginia. Importantly, Plaintiff alleges that these events occurred on March 10, 2018.

Both O'Connor and Buckhannon and Defendants Upshur County Sheriff's Department (the "Sheriff's Department") and Deputy William Chidester ("Chidester") cite to a Memorandum Decision issued by the West Virginia Supreme Court of Appeals on September 4, 2020, which sets forth additional factual background in this matter. <u>State v. Braxton</u>, 2020 WL 5269745 (W. Va. 2020). For further context, according to that Memorandum Decision, Plaintiff was convicted in the Circuit Court of Upshur County, West Virginia for several crimes arising from what appear to the same events giving rise to the allegations in the instant case. <u>Id.</u> at 1.

In sum, on March 11, 2018[1], Plaintiff was involved in theft of a vehicle and flight from law enforcement. <u>Id</u>. Once the vehicle was reported stolen and spotted in traffic by law enforcement, O'Connor and Chidester were involved in the pursuit of Plaintiff. <u>Id</u>. The vehicle pursuit ended at St. Joseph's Hospital at the area of the emergency room entrance. <u>Id</u>. However, Plaintiff exited the stolen vehicle and ran by foot into the hospital. <u>Id</u>. Law enforcement officers gave chase. <u>Id</u>.

---

[1] Plaintiff's Complaint alleges that these events occurred on March 10, 2018, while it is indicated in the Memorandum Decision that they occurred on March 11, 2018. The discrepancy in dates does not materially affect the undersigned's review and analysis.

Chidester caught up to Plaintiff in the hospital, and Plaintiff appeared to cooperate in the arrest "by going to the floor and putting his hands behind his back." Id. However, once O'Conner caught up, Plaintiff was not cooperative. Id. "[W]hen Officer O'Connor joined them and the officers tried to handcuff [Plaintiff], [he] 'rolled over on his side and started screaming, and that's when the fight ensued.'" Plaintiff was tried on the charges, and was convicted for possession of a stolen vehicle, fleeing in a vehicle, reckless driving, fleeing on foot, and obstructing a law enforcement officer. Id.

Importantly, nowhere does Plaintiff articulate particular facts or allegations as to St. Joseph's Hospital. It appears that St. Joseph's Hospital is named only because it is the location of the events alleged otherwise. Plaintiff pleads nothing as to health care services rendered or failed to be rendered by St. Joseph's Hospital, nor does he plead anything as to any other act or omission regarding St. Joseph's Hospital.

## II. PROCEDURAL HISTORY

The undersigned set a Rule 26(f) scheduling conference for March 15, 2021. During the course of this proceeding, the undersigned conducted it as a status conference. Appearing for St. Joseph's Hospital was Joshua K. Boggs, its counsel. Plaintiff, *pro se*, also appeared. During this proceeding, the undersigned discussed with Plaintiff that the Court was in receipt of St. Joseph's Hospital's motion and memorandum in support, and inquired whether Plaintiff was in receipt of the same. Plaintiff indicated that he believed he was in receipt of the same. However, to assure that Plaintiff indeed was in receipt of the motion and memorandum, and had the full opportunity to review and respond accordingly, the undersigned ordered counsel for St. Joseph's Hospital to provide Plaintiff with another copy of the same. Counsel mailed the materials to Plaintiff that same day. [ECF No. 76].

At the proceeding on March 15, 2021, the undersigned reviewed with Plaintiff the arguments which O'Connor and Buckhannon make in their pending motion. The Court emphasized to Plaintiff that absent compelling responses to these Defendants' motion, Plaintiff risks the Court granting the motion and dismissing Plaintiff's claim as to these Defendants. The undersigned ordered Plaintiff to file any such response which he may choose to submit by April 15, 2021. [ECF No. 77].

The Court previously was in receipt of Plaintiff's opposition to Defendants' motion, which was filed on January 29, 2021. [ECF No. 53]. Thereafter, on April 2, 2021, Plaintiff filed a Review of Scheduling Hearing Conference. [ECF No. 70]. The undersigned notes that this filing does not address the substantive legal arguments in the pending motion by O'Connor and Buckhannon. Then, on April 12, 2021, Plaintiff filed a Response to Defendants' Objections and Motion to Dismiss. [ECF No. 81]. Finally, on April 20, 2021, St. Joseph's Hospital, by counsel, filed a reply in support of its motion. [ECF No. 83].

### III. LEGAL ISSUES AND ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive a motion to dismiss, the rules which govern civil actions require that Plaintiff here sets forth a "short and plain statement of the claim showing that the pleader is entitled to

4

relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under seminal civil procedure caselaw, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reliance on Twombly, the Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### A. Statute of Limitations

Defendant here correctly argues that Plaintiff untimely filed his Complaint such that it is barred by the statute of limitations applicable to claims under 42 U.S.C. § 1983. Plaintiff alleges wrongful acts committed on March 10, 2018, although he did not file his Complaint until September 14, 2020, after the two-year statute of limitations had run.

The statute at 42 U.S.C. § 1983 does not itself specify a statute of limitations for claims brought thereunder. Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 388 (4th Cir. 2014). Rather, such claims are governed by "the most analogous state-law cause of action," which is that for a personal injury claim. Id. Because the alleged acts occurred in West Virginia, the Court must look to West Virginia law. State law provides that "[e]very personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]" W. Va. Code § 55-2-12(b) (emphasis added). A personal injury claim is such a claim for which no statute of limitations is specifically set forth in West Virginia. Thus, it is governed by this "residual" statute of limitation – that is, the statute of limitations for causes of action for which no statute of limitations is otherwise specified. Moreover, Plaintiff cites no authority which

would toll the two-year statute of limitations under these circumstances, nor is the undersigned aware of any.

Relatedly, the date of accrual of the cause of action appears to be the date of Plaintiff's encounter with Defendants here. Although state law determines the applicable statute of limitations, federal law dictates the time of accrual for civil rights causes of action. Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "[T]he time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id. In the instant matter, Plaintiff straightforwardly alleges that the events giving rise to his claim occurred on March 10, 2018. Nothing thereafter is alleged to have occurred which would lead to a later date of accrual.

Plaintiff insists that there is no statute of limitations for a claim under 42 U.S.C. § 1983 or for a claim made pursuant to the Fourth Amendment. [ECF No. 53 at 1, ECF No. 81 at 2]. Simply put, Plaintiff is mistaken. Although he invokes a smattering of legal authority for his arguments, the authorities upon which Plaintiff relies are, simply put, inapposite here. The undersigned declines to parse through them all, as Plaintiff's argument about the inapplicability of a statute of limitations is, on its face, incorrect as explained above.

Additionally, it is unclear if Plaintiff intended to also assert a claim for medical negligence against this Defendant. If so, Defendant correctly notes that there similarly is a two-year statute of limitations under the West Virginia's Medical Professional Liability Act ("MPLA"). W. Va. Code § 55-7B-4(a). As with the claim under 42 U.S.C. § 1983, Plaintiff cites no authority or alleges any facts which would toll the MPLA's two-year statute of limitations under these circumstances, nor is the undersigned aware of any.

In sum, Plaintiff's claims here are governed by a two-year statute of limitations and he would have had to comply with the same by filing his Complaint by March 10, 2020.[2] However, Plaintiff did not file his Complaint until September 14, 2020. Thus, the undersigned concludes that Plaintiff's claim is barred by the applicable two-year statute of limitations and that the Complaint should be dismissed.

### B. Adequacy of How Claims are Pled

As noted above, Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail that a defendant has fair notice of the basis of a plaintiff's claim. Twombly, 550 U.S. at 555. More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). In the context of a claim under 42 U.S.C. § 1983, such as the one here, a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. 676. In other words, Plaintiff's pleading of the claim here must contain enough factual allegations to be plausible enough for the

---

[2] It is indicated in the above-noted Memorandum Decision that these events instead occurred on March 11, 2018. This difference in dates does not affect the undersigned's analysis or recommendation here, given that Plaintiff filed his complaint approximately six months after the statute of limitations had run no matter if events occurred on March 10, 2018 or March 11, 2018.

Court to reasonably infer that each named Defendant bears liability. To that end, Plaintiff must state which defendant engaged in which specific act. It is not sufficient for Plaintiff to cast a wide net with broad allegations and conclusions without specifically alleging which defendants acted in which particular manner.

> Under this longstanding federal provision:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. Thus, in order to have a cognizable claim, Plaintiff must show how St. Joseph's Hospital is a state actor or acted under color of state law.

In this matter, although Plaintiff names St. Joseph's Hospital as a Defendant and alleges that events giving rise to his claims happened at the hospital, he does not in any manner state how St. Joseph's Hospital is a state actor. In fact, he does not at all allege how St. Joseph's Hospital wronged him. In short, there is no conceivable claim against St. Joseph's Hospital from the face of the Complaint under 42 U.S.C. § 1983. Moreover, to the extent which Plaintiff may have attempted to assert a claim under the MPLA, the Complaint similarly fails. Such a claim must have been brought under the MPLA, not 42 U.S.C. § 1983. Plaintiff makes no citation to the MPLA or otherwise complains of health care services rendered or withheld.

Thus, the undersigned concludes that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

8

**C. Pre-Suit Notice Provisions of MPLA**

As detailed above, Plaintiff does not make a cognizable claim under the MPLA. However, in the outside chance that Plaintiff attempts to state a claim under the MPLA, it must fail because nothing in the record shows that Plaintiff complied with the MPLA's pre-suit notice.

Before bringing a claim under the MPLA, a claimant must serve a Notice of Claim against the health care provider(s) against whom a claimant intends to bring suit. W. Va. Code § 55-7B-6(b). The claimant must include with the Notice of Claim the theory of liability of the claim, along with a Certificate of Merit demonstrating the claim's validity. Id. The Certificate of Merit must be signed, under oath, by a health care provider who is credentialed in the fashion set forth in the MPLA. Id. The Certificate of Merit must contain an explanation of how the health care provider is an expert on the issue, the basis for the health care provider's opinions and conclusions, and a list of records and other pertinent information reviewed to arrive at the opinion contained therein. Id.

Here, to the extent which Plaintiff may seek to assert a claim under the MPLA, there is nothing in the record to demonstrate that Plaintiff complied at all with these requirements before filing the Complaint. Thus, the undersigned concludes that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**IV. RECOMMENDATION AND CONCLUSION**

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss [ECF No. 26] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the**

**portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. It is requested that mailings to Plaintiff in this matter not be by certified mail, but instead by regular first-class United States Mail, to better facilitate Plaintiff's receipt of mail.[3]

It is so **RECOMMENDED AND ORDERED.**

Respectfully submitted April 29, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court is directing that materials in this matter be sent to Plaintiff not by certified mail but instead by regular, first-class United States Mail. This is because at a hearing before the undersigned on March 15, 2021, Plaintiff stated that he his mailing address is that of a homeless shelter. As such, Plaintiff said, delivery of certified mail to a non-permanent address sometimes failed. However, according to Plaintiff, he had no such issues with regular, first-class United States Mail.